Good morning and may it please the court. My name is Michael Olson and my partner's name is Ryan Fisher. We are admitted students under the supervision of Catherine Davis and Peter Afrasiabi, representing petitioner Ms. Garcia Arredondo in this case. We would like to reserve two minutes for rebuttal. The basis of an adverse credibility determination. The agency is prohibited from making credibility determinations when ruling on a motion to reopen. Counsel, let's just assume for a moment that everything that your client said was true and that there was no credibility issue. Don't you still have to deal with the what the statute says about what what is an exceptional circumstance? However we apply that that I guess that's what I'm troubled with is taking everything she says is true. How does what happened here fall into the same category as the other matters that we've previously concluded in our court and other circuit courts have concluded are in fact in quotes exceptional circumstances in quotes? Yes your honor. So the BIA ultimately aired for three reasons when they found that Ms. Arredondo did not prove exceptional circumstances. First the BIA completely ignored Perez which expressly distinguished Sharma in holding that generally a car's mechanical failure is an unanticipated occurrence. But it failed expressly decided not to make the determination of whether it was an exceptional circumstance right? Correct and that's before this court today. Does it matter what time she left home? When we look at this record don't we know what time she left? Everything is relevant your honor including. What time did she leave? She left at 1130 in the morning. To arrive at court for a session that started at what time? I believe it started. One o'clock. One o'clock correct your honor. So she allowed herself an hour and a half to get to drive it to get there to get herself situated and to be ready to produce. She had an accident she had a problem on the way. Do you think it's not reasonable for her to anticipate? She should have probably left home a little earlier. You do call you do consider the entirety of the matter in the totality of the circumstances your honor. But looking here it's the BIA's opinion which is under review and what the BIA held its decision for was this decision or this choice to prepay the court. We always review the legality of what was done do we not? I mean my colleague raises very important points in terms of the the facts but as I mentioned before even if we grant that she was credible and it was all those things and we look at Perez I'm still having trouble with how we get from there to what this statute defined as an exceptional circumstance. How does that look at Singh and Chete Juarez? In those cases this court found that the petitioners had proven exceptional circumstances and that's because in those cases the petitioner just like Ms. Arredondo has pursued her rights diligently. Ms. Arredondo has taken every opportunity to appeal and attended nearly every hearing since 2003. Moreover an in absentia removal order would lead to an unconscionable result breaking up a family including three US citizen children's or resulting in their ouster including one US citizen child. Moreover even though it's not required. Was that any of that not known to her? Any of these facts you just recited not known to her? Can you clarify your honor? She knew everything you just said so she left home at 1130 to be at a hearing critical to her that was scheduled to start one o'clock. She had a problem with a car en route. Yes your honor but as this court said in Perez a car's mechanical failure is generally an unanticipated occurrence which is beyond control of the alien. So you anticipate what can be can happen to you don't you? You know how important it is and what you just said is true. She knew how almost exactly enough time to get there plus she had to get situated before she made an argument. Don't you see a problem in your saying we are looking at this finding an exceptional circumstance? One issue with this your honor is that even if she had left four or five hours before the hearing even if her vehicle broke down there's no indication it's pure speculation that she would be able to make it to the hearing that day. After her vehicle broke down she had to pull over and borrow phone numbers borrow a telephone from strangers and she called every single number she knew. She made every step that she could to make it to the hearing that day. After being unable to successfully obtain a ride she called a mechanic. After the mechanic towed her vehicle she paid the mechanic and then she finally got a hold of her husband who was able to take her to the court that day. But you're, forgive me counsel, you're you're going back to recite the facts and at least for my part I was struggling with the meaning of 8 U.S.C. 1229 A.E. 1. Let me just read this portion because this is what I'm struggling with. It says the term exceptional circumstances refers to exceptional circumstances such as battery or extreme cruelty to the alien or any child or parent of the alien serious illness of the alien or serious illness or death of a spouse child or parent of the alien and then notes but not including less compelling circumstances beyond the control of the alien. How how do you compare you know spousal battery death of a parent and so on to what happened in this case? Well your honor it's a totality of the I mean it's the totality of the circumstances. We're construing a statute. My question is how does this how is this anything less than a compelling circumstance when you compare it to death and serious illness? So your honor in seeing this court dealt with a petitioner who misunderstood the time of his hearing. He simply misunderstood the time of the hearing but this court still found that exceptional circumstances were there and that's because of his diligence the likelihood of success on the merit and the unconscionable result. Which case are you talking about? We have thousands of Singh cases. It is Singh v. INS 2000. Yes in that case the despite just it being a misunderstood time of the hearing this court found that exceptional circumstances existed once again because in construing this statute I mentioned. I believe so your honor. As far as what happened in this case in granting the motion to reopen it cited that statute and said it was an exceptional circumstance. I thought Perez was the only case that we had that almost got to construe the statute didn't do it. Are you saying that Singh did so construe the statute and we should rely on Singh for the outcome in this case? I think Singh and Shetekwaras are the relevant precedents before this court. But did they construe this statute? I believe so your honor but we'll be able to clarify this on rebuttal. Moreover I'd just like to point to two other things. One being that the the BIA's decision is under review and this court shouldn't affirm on grounds not relied on on the BIA. The BIA focused on this this choice made by Ms. Arradondo to pay prepaid the repair bill rather than pay for rights to the immigration court. That choice never would have come about had the agency not failed to comply with the pre real IDX standards and fail to comply comply with Basin and Gadesi which require that facts presented must be accepted as true without a finding that they are By contrast to Carr's mechanical failure is generally an unanticipated occurrence which is beyond the control of the alien. Yes your honor. That was dicta right? It was it wasn't to the center of the holding your honor. But when you take that exceptional circumstance and you consider the fact that the BIA completely ignored that case and instead relied on Sharma and you combine it with the fact that we have a strong likelihood of success on the merits which the government conceded when it voluntarily remanded this case in 2008 and then the BIA agreed when it remanded this case to the IJ for a hearing on the merits. When looking at the totality of the circumstances it's exactly like seeing in Chatejueras where the the petitioner has proven exceptional circumstances. Can you give me the citation for Singh again please? Yes it should be Singh v. INS 2000. Oh forgive me. So 213 F 3rd 1050. 1050? Yes. Was that a mechanical breakdown case? No your honor. So your best case regarding mechanical breakdown is Perez versus in that case stated that generally occurs mechanical failures and unanticipated occurrence which is beyond the control of the alien and that's exactly what the statute. You're over your time. Thank you. We'll give you a couple of minutes for rebuttal. Thank you. May it please the court. Jeremy Byland on behalf of the respondent. Counsel in this case there was a great deal of attention to well-considered dicta. Yes. Yes your honor. Why is the language which I quoted from Perez versus Mukasey not applicable here to find that Ms. Arredondo's circumstances were exceptional? Your honor the last part of that dicta is that they'd be exceptional circumstances beyond the aliens control. Yes. And in this case it wasn't beyond her control. Put yourself in her situation. She has $500 in cash which she has to give to her attorney because maybe if she doesn't give him the $500 he won't talk on her behalf. Yes your honor. So she has $500 her car breaks down on the freeway. The tow man comes and picks up the car and says I want $480. Yes your honor. So she gives him $480 because he's going to fix the car. Now she's got $20 left. How does she get to the hearing? Well your honor I would disagree with your reading of the facts. I think that she didn't pay the money until after she got to the repair shop and then after they diagnosed her car. So it's not that the tow truck driver was going to leave her on the side of the road. That's not in the record. No no. He takes her to the, he says now I want $480 to fix your car. Yes your honor. But her decision to prepay that money instead of going to the Immigration Court is within her control. And so by this by the very words of the statute it's within her control to get to the Immigration Court. She has the money. She has the opportunity because the tow truck driver says. She's a woman with limited English. The man who has her car who can fix it or not and give it back to her or not tells her it's $480 now lady or else you don't get your car. But that's not in the record your honor. Saying you have to pay now is nowhere in the record your honor. That is that's what counsel said. He gave her a bill right? And marked it paid. Yes your honor. Can we infer from that that he demanded payment? I don't think we can. And it would actually be illegal in California to require payment before the car was completed. You think that the alien was in a position to remind the repairman of his obligation under the Business Profession Code of the state of California? Well I think what's important is it was within her control when she had the cash to get to the Immigration Court. And if you look at the if you look at the statute the very. Was that the basis of the finding of the BIA or was the basis of the finding of the BIA an adverse credibility finding? I think it's an alternative finding your honor. There's an adverse credibility finding and then there's an alternative finding that the decision to prepay for the car repairs instead of to come to Immigration Court was an alternative independent holding. And so if your honor if you look at this. Where would we find that in the BIA decision? It's on the very bottom. So page 3 of the administrative record. Even if we were to fully credit respondents claims. That's the last paragraph on page 3. Carries over to page 4. It's this independent holding that even if you were to take everything she said is true, ignore the adverse credibility finding. The fact that she had the means and the opportunity to make an Immigration Court means it wasn't an exceptional circumstance beyond her control. Because it was within her control to get to the Immigration Court. And as Judge Smith was saying earlier these very exceptional circumstances that they list in the statute including death, a severe violent crime committed against you, or a serious illness is not the same kind of thing as a car break. Where is the evidence that had she not paid the $500 to the car repairman she would have been able to get to the hearing? Where is that evidence, Your Honor? Well, I mean I think that that... With $500, how would she have gotten to the hearing? The decision to prepay, so the decision to prepay the car repair bill. We leave her with only $20. Right. But if she had said, if she'd stiffed the repairman, said I'm not gonna pay you till it's fixed, right? How would she have gotten to the hearing in time? Because the tow truck driver said he would drive her there for $150 to $200. And that was it. That was an hour before the in absentia removal order was entered. So it was a time. It was she had an hour to go 26 miles, I think is the distance in the record. And she had the $500 and she had the offer. Counsel, what do we make of the fact, if I understand the record correctly, that the purpose of her having the $500, which she apparently borrowed, was to pay her lawyer? Yes, Your Honor. So under any circumstances, even if she had gotten there and said the car had been fixed immediately, is there some assumption that the lawyer would represent her without being paid? Well, Your Honor, he, without being paid, he did actually submit her documents to the court that day and they're in the record. So I don't think there's any indication in the record that he would have refused to represent her. Okay, so, so. He actually did submit the documents on her behalf. Okay, so that's, we shouldn't consider that. I don't think so, Your Honor. Okay. Moving to adverse credibility finding. So this is actually an interesting question. The case is cited by a petitioner in relation to taking things that, you know, everything the petitioner says as true, all relate to motions to reopen filed before the board. And this court had a recent decision in Shugan Yang, I filed the 28-J letter on, which actually distinguished the different roles between the Board of Immigration Appeals and the immigration judge and reaffirmed the position as the fact finder, the consummate fact finder in immigration proceedings. It's very difficult for the immigration judge to judge the demeanor of the declarant on declarations, isn't it? It is, Your Honor. So it shouldn't be done. As a general rule, I think that might be true, but where you have conflicting statements from the same petitioner and the immigration judge sees a conflict there, then I think that the immigration judge could be. What were the conflicting statements? What was that, Your Honor? What were the conflicting statements? Well, in the initial submission to the board, she submitted a handwritten statement and then also the car repair bill. And the immigration judge was within his discretion to find a conflict between those two, because in her handwritten statement she stated that her car was not going to be ready until February 14th, whereas the final bill indicated a final date of February 13th. And there's also an impossibility in that first submission to the board, or to the immigration judge, because she stated she was on the freeway in a place where that freeway doesn't run. And so the immigration judge was within his discretion to require some clarification of those issues. And then her second submission was a handwritten submission. She didn't provide any corroborating documentary evidence. Her second submission stated, or excuse me, to go back to the first statement, she also stated that the tow truck driver offered to drive her to court for $150 or $200. So in her second statement, she stated, well, I had $500, but I used that to pay for the car repairs. And so the immigration judge saw that as a conflict with the first statement. But the first statement, within itself, was actually, had implausibilities and inconsistencies in it. So I'm not saying... Is there some evidence that the tow truck driver or the repairman would say, I'll drive you there for $125 and I won't charge you the $480 until you can pay it? That evidence, there's no evidence about that. So what are we to make of the construction of the statute? You perhaps heard my colloquy with your opposing counsel. If we take as true everything that the petitioner says, and it certainly is a compelling personal story, and we wouldn't want to be in that situation, we wouldn't want our mom or our sister or our wife to be in that situation, we still have to consider a statute. And the text that I read talks about some really dire issues over which a petitioner would have absolutely no control. Would you tell us why the term, but not including less compelling circumstances, included in section 1229AE1 should be construed or not construed as counsel for the petitioner would have us construe it? I mean, I think it should not be construed to include car breakdowns, and I think that's consistent with several other circuits who have addressed the statute. I believe the... So both the Fifth and the Seventh Circuit have addressed that and found that run-of-mill car breakdowns would not be the same sort of compelling circumstances or exceptional circumstances. So you're saying they construed it in a way that did not comply with the statute, right? Or they did the other way around? I say that the petitioner's interpretation that is not consistent with the statute, the petitioner's current interpretation. I understand that, but you were just talking about the Fifth and the Seventh Circuit. Oh, they both said that car repairs did not fall under the purview of the statute. So that if were we to construe the statute in the way the petitioner is requesting, we would create a circuit conflict by your reckoning. To the Fifth Circuit, yes, Your Honor. Published. The Seventh Circuit is unpublished. Unpublished, okay. Don't we already have that in Paris? We have abdicta, Your Honor. It said specifically that they weren't addressing it, and it would be for the court to decide when it was before the court. So I don't think we have a split because they specifically withheld that decision for a future date. Okay, thank you very much. Thank you. Would you like to have a couple of minutes for rebuttal? Morning, Your Honor. Opposing counsel argued... State your name first. Ryan Fisher. Okay. Opposing counsel notes things in the record such as the $500 that she had on the day of the hearing. However, this was improperly requested. Absent a finding of inherent unbelievability by the petitioner, this request for the second round of corroboration was not allowed. As this court recently in Yang held or noted, the factual hearing is, you know, let stand Gadesi and Bessine,  facts must be accepted as true unless a finding is made. Let's say that we do that. Let's say we have none of the information that came in on the corroboration request. Does that help your client or hurt your client? Your Honor, on the basis of the first affidavit alone, Ms. Garcia-Ardano has, in fact, demonstrated exceptional circumstances. Okay, so let's say we take it as pled, no corroboration. How do you construe what was on a non corroborated basis with the meaning of the statute that I quoted? How is that an exceptional circumstances akin to death of a spouse, serious injury, etcetera, etcetera? Yes, Your Honor. So this court has long sided Sharma for the proposition that parking and traffic troubles do not constitute an exceptional circumstance. They do not. Correct. However, this court in Perez just expressly distinguished Sharma saying that a car's mechanical failure may be an unanticipated occurrence, which is quoting the statute. Let's say that's all true. It can be an unanticipated circumstance, but it doesn't address the meaning of the statute, right? It specifically said we're not deciding this right now. Isn't that right? Your Honor, it did leave open for it to be addressed one properly before this court. Okay, so basically this is a fresh issue. Our court has never construed the statute in question in the context that you're talking about. No, Your Honor. It did expressly distinguish between Sharma and... I understand that, but we have not construed this statute in connection with car troubles, like in this case, right? The very language from Perez states that a car's mechanical failure may be an exceptional circumstance. Not maybe. Generally, is generally an unanticipated... Correct, Your Honor. You Your Honor. So we have... This court has addressed this. Further, Ms. Garcia-Ardano was required to have an opportunity to explain perceived inconsistencies between the first and second declarations. And unlike the Fifth Circuit and De Morales, Ms. Garcia-Ardano never backtracked home on the day of the hearing. Finally, as noted in Yang, live testimony is to be required when assessing credibility, and that is all that petitioner is a chance to be heard on the merits. Thank you, Your Honors. Thank you very much. And we thank both counsel and supervising Professor Davis for preparing counsel and presenting a case to us. Thank you very much. What law school are you from? UCI. UC Irvine. Very good. Great, great place. Give our regards to your fine dean.
judges: Farris, Bea, M. Smith